IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RENEE Y. SMITH | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | ) 3:12CV757 |
| SERVE: National Registered Agents, Inc. 4701 Cox Rd., Ste. 301 Richmond, VA 23060 | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Renee Y. Smith ("Smith" or "Plaintiff"), by counsel, and as for her Complaint against the Defendant, she alleges as follows:

1. This is an action for actual and statutory damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or "FDCPA") and 47 U.S.C. § 227, *et seq.* (the Telephone Consumer Protection Act or "TCPA").

## JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, 47 U.S.C. § 227 and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff is a natural person and at all times relevant to this complaint was a "consumer" as defined and governed by the FDCPA. Plaintiff is also a "person" as defined by the TCPA.

4. Defendant Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company with its principal place of business located in Norfolk, Virginia. It regularly

collects debts from consumers located across the Commonwealth of Virginia. At all times relevant to this complaint, PRA was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. The Defendants claim that one or more debts owed by the Plaintiff were consigned, placed or otherwise transferred to Defendant for collection.

6. Upon information and belief, at all times relevant to this complaint, the Defendant and/or its agents has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA.

7. In an attempt to collect this debt, the Defendant engaged in the practice of placing numerous calls to Plaintiff's cell phone using a combination of automatic telephone dialers, predictive dialers, and prerecorded voice messages, without her express consent.

8. These calls were placed in violation of the TCPA.

9. The Defendant is well aware of the requirements of the TCPA. Defendant is aware that autodialed calls cannot be placed to cell phones without prior express consent.

10. Plaintiff never gave consent for the Defendant to place autodialed calls to her cell phone.

11. Despite this knowledge, Defendant continually violated the TCPA with respect to the Plaintiff by placing autodialed calls to her cell phone using an artificial or prerecorded voice to deliver a message without her prior express consent.

12. Therefore, Defendant's violations of the TCPA were willful and Plaintiff is entitled to treble damages under 47 U.S.C. § 227(b)(3).

13. Additionally, Defendant's calls to the Plaintiff were placed in an attempt to abuse and harass the Plaintiff into paying the debt it claimed was due in violation of the FDCPA.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692d

14. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

15. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by its actions, which include, but are not limited to, engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

16. As a result of these actions taken by the Defendant, the Plaintiff has incurred actual damages.

17. Plaintiff is therefore entitled to an award of actual and statutory damages against PRA as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 47 U.S.C. § 227(b)

18. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

19. The Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include, but are not limited to, making one or more calls using an automatic telephone dialing system or artificial or pre-recorded voice to the Plaintiff's telephone number assigned to a cellular telephone service without the Plaintiff's express consent.

20. In the alterative, the Defendant negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include, but are not limited to, making one or more calls using an automatic telephone dialing system or artificial or pre-recorded voice to Plaintiff's telephone number assigned to a cellular telephone service without the Plaintiff's express consent.

21. The Plaintiff is therefore entitled to an award of actual and statutory damages

against the Defendant, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment for actual and statutory damages and attorneys' fees and costs pursuant to the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**RENEE Y. SMITH**

By _/s/ Janelle E. Mason_
Of Counsel

JANELLE E. MASON, VSB No. 82389
MATTHEW J. ERAUSQUIN, VSB No. 65434
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
janelle@clalegal.com
matt@clalegal.com